We'll proceed with the first case, Falodun v. Barr. May it please the Court. My name is Mark Salacion, and with me is Janet Hinshaw Thomas, a DOJ accredited representative, and we are with prime ecumenical commitment to refugees. Today I represent Petitioner Bright, idata Falodun. Your Honors, the government cannot do implicitly what the government has no power to do explicitly. In this case, the government has revoked the United States citizenship of my client, Mr. Falodun, a benicio, through a proceeding that was noticed as a hearing to cancel Mr. Falodun's certificate of citizenship. The government alleges that Mr. Falodun obtained his U.S. citizenship through fraudulent means, and that therefore Mr. Falodun was never a United States citizen at any time, despite the issuance of a facially valid certificate of citizenship in 1998. However, it is clear from our laws that the government may not revoke United States citizenship except by means of a proceeding properly initiated in a United States district court. Is there a difference between naturalization vis-a-vis a naturalization ceremony, an application showing of good character in a ceremony, and naturalization through derivative means? Because as I understand it, the certificate is not a conferral of citizenship, but is merely evidence that the government is satisfied, based on the evidence that your client produced in the 1990s, that he had acquired derivative citizenship at an earlier time. That is correct, Judge Livingston. The certificate of citizenship, just like a passport and just like a consular report of a birth abroad, are merely indicia or evidence of citizenship. They do not – they represent citizenship, but the underlying citizenship status is separate and must be revoked. So how do we determine, based on this record, that in fact he is a citizen? I mean, in the naturalization context, you have an oath and you take an oath and there's a proceeding. What's the proceeding here? Judge Loher, in this proceeding, Mr. Felden's certificate of citizenship was granted, and that is evidence that he has been admitted to the United States. But that's now revoked. Yes, Your Honor. So how would he – I'm sorry, Your Honor. That was canceled. Canceled. I'm sorry. So how would he prove that he is a citizen without – I mean, if that's the evidence that you're providing of citizenship, how does he prove citizenship with a canceled certificate? Your Honor, we challenge the government's evidentiary rulings with respect to his adoption by his uncle in the United States. We challenge the evidence that was raised against Mr. Felden in the proceedings below. And if those – if this matter were properly before a United States district court, we would have had opportunities to challenge those – that evidence that was offered. Your answer is that you should at least have an opportunity to challenge it in Federal district court. Yes, Your Honor. Notwithstanding the cancellation. That's correct, Your Honor. But didn't you have an opportunity in the agency proceedings to come forward with evidence of citizenship? We did, Your Honor. And the initial proceedings brought against my client were brought at a time when my client was incarcerated in Federal prison for unrelated bank fraud – an unrelated bank fraud conviction. However, Your Honor, what we are arguing is that because the venue is properly before – should properly be before a United States district court, the proceedings below and the evidentiary rulings below were not subject to the same standards. I guess I'm having a little difficulty understanding how the statutory scheme works in that way. Because there are – if your client had never been issued a certificate, he was born abroad, he would properly be put in removal proceedings, and if – at that time, if he believed he had acquired citizenship through derivative means, he would have needed to come forward with evidence of that before the agency. Am I right about that? Yes, that is correct, Your Honor. So the certificate, then, if it's not a conferral of citizenship and can be canceled, I'm having difficulty seeing why the issuance of that certificate changes the whole proper procedural mechanism that we should be following here. If I understand your question correctly, Your Honor, what we are arguing is that the cancellation of the certificate of citizenship may be done – may be canceled in a separate administrative proceeding before the executive branch of the government. However, in cases like Gorbach v. Reno and Zia v. Tillerson, we believe, Your Honor, that the Federal courts have reserved the power to adjudicate the revocation of the underlying U.S. citizenship and that the cancellation of the certificate is merely cancellation of evidence of citizenship. But the Federal courts have reserved the power or that a statute provides that the citizenship – that he became a citizenship as a result of the administrative determination that he satisfied the standards, and that the statute provides that the citizenship that he acquired may be revoked only by a court? That is correct, Judge LaValle. However, cases going all the way back to before the Second World War, including Schneider v. United States, established that because U.S. citizenship is protected fundamentally by the United States Constitution, that revocation of citizenship must be done before a tribunal that has proper evidentiary standards, proper standard of proof, and ability for the immigrant to challenge the evidence against them. We admit, Your Honor, that opportunities were given to our client below. However, we assert that because of his incarceration at the beginning of the cancellation proceedings, he was at a procedural disadvantage from the very beginning. The government argues in its brief that we've waived many of our evidentiary arguments. We've waived those evidentiary arguments because they were not properly joined at the beginning when my client was in Federal prison and unable to appear in court. You're saying essentially that the Attorney General has the power to make someone a citizen by finding facts to be true that would make you a citizen by derivation, but doesn't have the power to revoke it? That is correct, Your Honor. And just incidentally that I understood at the first of your argument, though. You said that the conferral of the certificate is not a conferral of citizenship. The Attorney General doesn't confer citizenship by issuing a certificate. That's correct, Your Honor. You derive citizenship because you meet the statutory criteria. And whether you got a certificate or not, if you meet those statutory criteria and you're put in removal proceedings, you can prove that you're a citizen and you can't be removed, correct? That is correct, Judge Livingston. So I guess I'm still understanding, if there's a material issue of fact that's raised in removal proceedings as to citizenship and it comes before us, we do transfer those material issues of fact to district court. Yes, Your Honor. But your argument is broader, just making sure I understand it. You're saying that the proceeding had to have commenced initially in district court and that it would be improper now to transfer to district court for a resolution of any material issues of fact. You have to start over again. Well, Your Honor, in that regard, we would request to make a motion orally pursuant to Section 252b-5 to have this Court transfer this case to a U.S. district court for a proper hearing on the U.S. citizenship question. And can you just – I know you're over time, but could you just address what – how do you perceive a material issue of fact to have been raised in the proceedings below? We believe that there are three material issues of fact all pertaining to Mr. Fallodon's adoption status, the first being the question of his – his adoptive parentage. The government – we assert that Mr. Fallodon was adopted by his paternal uncle who had married a U.S. citizen prior and had become naturalized as a U.S. citizen. The government has challenged that – that evidence and that argument throughout these proceedings. We also challenge, Your Honor, evidence having been provided by Mr. Fallodon's adoptive stepmother, which we were not able to cross-examine in the proceedings below. And, Your Honor, we also challenge a certain poison pen letter that was drafted by Mr. Fallodon's cellmate in – while he was in prison in Louisiana. We would like to join those three evidentiary issues, all of which go to the – to the validity of our client's citizenship status. The question, if I may go back to Judge Livingston's question, when did he become a citizen and – and how? What – what made him a citizen? He became a citizen in February of 1998 upon conferral of the Certificate of Citizenship, which was evidence that he had met the requirements for U.S. citizenship by derivation. We would argue, sir, that the – that meeting the requirements, the underlying requirements for U.S. citizenship are sufficient to confer upon him U.S. citizenship and that the certificate that was issued is evidence of that conferral. Oh, it was the – it was the underlying finding, the – the finding by the Attorney General that underlying the issuance of the certificate that made him a citizen. Yes, Your Honor. A – a finding by a duly authorized entity that he had met the requirements. Yes, Your Honor. And we believe the record also shows that. Derivative citizenship. That – I'm sorry. I'm sorry, sir. I've interrupted you, sir. He had met the requirements for derivative citizenship. That is correct, Your Honor. And that's pursuant to this affidavit in the certified administrative record? Yes, Judge Loehr. But are you saying that he became a citizen when the – when the Attorney General's conclusion was reached that he had met the – the – the standards or – or at the time of the naturalization of the person who he claims was his adoptive father? Had he – was he already a – according to your argument, was he already a citizen before the Attorney General made the determination? Because if I understand correctly, when a person – when a person – a minor lawfully living in the United States is adopted and the parent – and the adoptive parent becomes naturalized or the natural parent becomes naturalized, that person becomes a citizen as of the moment of the naturalization of the parent. Isn't that correct? That is correct, Judge. Even if – even if a certificate isn't issued for years later, the person was a citizen at the time that the – that the naturalization of the parent occurred, right? That is correct, Judge LaValle. So I – I'm not sure I understand. Are you saying that he became a citizen when the person he claims was his uncle adopted him or that he became a citizen when the – when the Attorney General issued a certificate? Your Honor, we would argue that – that it's the latter because the immigration laws were – That can't be right. That can't be right. At 326, which you say is the affidavit that we should look at of the certified administrative record, it says – and you mentioned a 1998 date – it says that he acquired United States citizenship as of April 1995. And presumably, that's the naturalization date of the adoptive parent. Yes, Your Honor. I stand corrected on that point. Okay. If there's no further questions, I would yield to my – yield to Mr. Ruberbee. Good morning. May it please the Court. Russell Ruberbee on behalf of the Attorney General. This case obviously involves a petitioner who was born outside the United States and who, when was placed in removal proceedings, didn't contest the multiple aggravated felony charges against him, but rather claimed he was a United States citizen. If we were – if we were – I'm sorry to interrupt.  But if we were in the United States and we were placed in removal proceedings, in the D.C. Circuit, and we had as our precedent Zia v. Tillerson, could the government prevail? Oh, absolutely, Your Honor. Jay v. Tillerson. Jay v. Tillerson, like Gorbachev v. Arena, the Attorney General canceled certificates of naturalization without first going to a U.S. district court as required by Section 340 of the INA. On top of that, the Attorney General made the argument that these particular individuals were never naturalized to begin with and therefore were never citizens and therefore never needed any sort of additional process required by the statute. This case is very different. This alien, this petitioner, is not a naturalized citizen. This person is a derivative citizen. And so Section 340, which unambiguously the Gorbachev court said only applies to naturalized citizens, cannot apply to him. On top of that, the Attorney General has never made the argument that this petitioner is, that the issue of citizenship is foreclosed. In fact, the Attorney General has encouraged this petitioner to come forward before the immigration court and present his evidence. And the immigration judge even went a little further and drew this petitioner a road map saying, I need this evidence, I need these documents, and I need these witnesses. The Administrative Appeals Office conceded that he was a citizen? Well, Your Honor, as Judge Lovell pointed out, you become a derivative citizenship not based on any of your own conduct, but because someone else naturalized or someone else adopted you or was a birth citizen. So you automatically become. In that question of citizen, yes, you can then get a certificate to prove you're a citizen. And so when the Attorney General determined that the certificate was no longer valid because there was some fraud involved, just the proof was removed. And then this alien, this petitioner, was placed in removal proceedings. And the immigration judge said, are you removal? This petitioner said, no, I'm a U.S. citizen. The burden now falls to him. Prove you are a United States citizen. Why isn't that burden properly placed on him in Federal district court or in front of a circuit court? It would be in Federal district court, certainly. If we – if this case – if he had taken a Section 360 action like he could have, I mean, if I can step back from the review, this petitioner goes to the district director and offers a very light defense to the argument that we're going to cancel your certificate. He goes to the AAO and doesn't say I'm a citizen or here's the evidence I'm a citizen. He says, you can't – you can't revoke my citizenship. Goes to the immigration judge and says, you can't revoke my citizenship without a district court action. And the judge says, you're not a naturalized citizen. Bring me the evidence and I will hear your claim. Goes to the Board of Immigration Appeals and persists saying, you can't revoke  And the board says, where was your evidence that you're a citizen? Doesn't take a 360 action, which is a plaintiff's action to go to district court and say I'm a citizen, like the aliens did in Kissam v. Kerry and Kissam v. Clinton. Didn't do that. No, this – and then we get to this court. And in the opening brief, this alien does not say, here's the evidence I'm a citizen, trying to create the material issue of fact. Doesn't even in his reply brief say that. Waits until we're standing right here, right now, and tries to assert that. I don't think that's behavior that this court should encourage. It's going to create a very difficult problem for this court, as we're going to be sending every case now back down to the district court. Let me ask you about a slightly different hypothetical case. Supposing that the person in question, as a child, lived lawfully with his parent in the United States, and the parent or adoptive parent became naturalized. Yes, sir. And subsequently, in a proceeding before the Attorney General, the child, then-child, applied for a certificate of citizenship and received one. Yes, sir. Then it's later determined that in that proceeding, in which the certificate was issued, the person made fraudulent representations. The fraudulent representation, however, was not about whether the person who became naturalized was the parent. The fraudulent representation was something else, like fraudulent concealment of criminal convictions, or of having participated with the Nazis in World War II, or something like that, which causes the Attorney General to revoke the certificate. Now, would your argument be, is that case the same as this one, that the Attorney General can revoke the citizenship, not only that you don't need a proceeding before the district court to revoke that citizenship? Well, I just need a little clarification on the question. Was the fraudulent support for, say, the Nazi Party or something like that, was that with respect to the naturalized adoptive parent-type citizen, or was that with respect to the person who drew derivative citizenship? Well, either way. You draw it out both ways. Okay. It's going to take me a little while to answer that one, then. If it's with respect to the adoptive naturalized parent, and that naturalized parent has to demonstrate an attachment to democracy and constitutional values and that sort of thing. So if that was fraud in that, you would require Section 340 action to clear that up. That would have to go to the district court to denaturalize that particular person, and then that can have a cascade of effects towards the derivative citizen. However, if you're talking about the derivative citizen, that type of fraud would never come up, because a derivative citizen doesn't need to demonstrate any sort of attachment to the Constitution or anything like that. Their derivative citizenship is tied to the citizenship of the naturalized person. So I really can't answer your question in that way. You don't have to take an oath. You don't have to do anything. You just have to swear an oath of allegiance before a service officer. That's when you're a derivative citizen. Okay. A naturalized citizen would have to appear in a district court action and take an oath. Well, the hypothetical could be, say, the person who's applying or who we say is a derivative citizen, but he did meet the statutory requirements. So then he would be not eligible for a certificate. So if one issued, it shouldn't have issued. But he would still be an American citizen because he met the derivative requirements. In that circumstance, you'd have to go to district court in the first instance, right? You know, I think that would actually be an issue of law and not an issue of material fact, because it's whether — because there's no material fact as to whether a person qualified for their derivative citizenship status. There's only an issue as to whether you actually have to — the legal issue is whether you have to take the oath to obtain the certificate. So 1101 of the INA is — the INA applies here, right? Yes, absolutely, Your Honor. Defines naturalization as the conferring of nationality of a State upon a person after birth by any means whatsoever. And that's 8 U.S.C. section 1101A23. But then it's further defined, Your Honor, in section 316, which is lawful redundancy requirements, good lawful character — good moral character requirement, exhibit attachment to Constitution, other good order, and happiness to the United States, along with an investigation of public ceremony, oath of allegiance, and the certificate of naturalization issued under section 338. So it's expounded beyond that under Congress's actions. And that's 3-what? That would be section 316. Talks about the actual requirements for naturalization of a foreign-born individual. Section 337 is the public ceremony, and section 338 is the certificate of naturalization. Do you agree with your adversary that if there was a material issue of fact raised before the agency and the petition comes to us here, our general practice would be to refer it to the district court even at this juncture to resolve the issue? I would, Your Honor, if this person had actually alleged a material issue of fact while this was in any sort of proceedings before the agency. But this petitioner's argument consistently, up until approximately seven minutes ago, was that my citizenship had been impermissibly revoked. Not that there was any sort of material issue of fact. This is the first time we've heard that at this late juncture, this 11th hour. And as I said earlier, I'm not so sure that's a good practice to encourage. But I will acknowledge the court's noble power over that. If there are no further questions, that will conclude the Attorney General's  Thank you, Your Honor. Your Honors, I would just like to make three points in rebuttal. First of all, we have consistently challenged the evidence below in our briefs and in the proceedings below. We raise the evidentiary questions in our briefs. And I would just like to refer you to our briefs and to the certified record to show that evidentiary issues were joined below. But yet we assert that the proceeding below was before the improper forum. Secondly, Your Honors, if we were to accept the government's argument in this case, we would be creating two different statuses of United States citizenship. We do not believe that that is the scheme envisioned by Zia v. Tillerson or by Gorbach v. Reiner. So the government distinguishes Tillerson, and you heard your adversary say that that had nothing to do with derived citizenship per se. Yes, Your Honor. But if that argument is taken to its logical conclusion, derivative citizens who obtain their citizenship by derivation would have fewer constitutional protections than citizens who obtain their citizenship by naturalization. And lastly, Your Honors, our request for relief throughout these proceedings from the very beginning of briefing has always been to request a referral of this case to a U.S. District Court. We do not believe that this is the first time that we've requested that relief. However, we believe that that request for relief is consistent with Section 242b-5 of the Immigration and Nationalities Act. What seems troublesome on the part of the government's argument, although there's a certain logic to it, is that if I understand the government's position correctly, where a person has obtained citizenship or has obtained the certificate of citizenship with respect to derived citizenship and has lived a life as a citizen, which has never been questioned or challenged, the government at any time can simply go to an administrative judge without needing to go to a court and say, as your adversary counsel was saying to me in response to my hypothetical question, well, the parent from whom you derived citizenship, from whose naturalization you derived citizenship, 60 years ago unlawfully concealed in the naturalization ceremony his affiliation with the Nazi party back in 1943. And if I can get an administrative judge to approve, to find in the government's favor on that, your citizenship, which has been assumed and evidenced by a certificate of the Attorney General for 50 years, disappears, and your citizenship disappears without having the opportunity, your opportunity, to go to a U.S. judge to contest it. That seems to me to be awfully troublesome, although I understand the theoretical basis for the argument. Judge Duval, that is exactly what we are contending. The danger here is that if we allow the government to go back and make that determination of citizenship ob initio, the government will be impeding upon the jurisdiction of the U.S. district courts, which have initially have jurisdiction over these matters. But the government's argument rests on the language and the structure of these interlocking statutes, and one of the questions that I asked was about 1101A23 and the word naturalization, and you heard the government's response to that, which is that the word naturalization, which if you just look at A23, seems to include derivative citizenship, actually includes a lot more. What's your response to that, if any? Your Honor, I reflect respectfully. I'm sorry, Your Honor. I don't have an answer to that question. Thank you, Your Honor. Thank you both. We'll take the matter under advisory.